| | |
|---|---|
| KENNETH JAY FLYNN, | CV 19-58-M-DLC-JCL |
| Plaintiff, | |
| vs. | ORDER |
| SALENE KOEPKE, KIRSTEN PAPST, KAREN TOWNSEND, ROBERT THOMPSON, JOHN SMITH, SCOTT ALBERS, HERMAN WATSON III, HERMAN WATSON IV, MARK FULLERTON, and COLIN STEVENS, | |
| Defendants. | |

Plaintiff Kenneth Flynn, appearing pro se, filed a motion requesting that I, as the undersigned United States Magistrate Judge, recuse myself from presiding over this action. Flynn perceives that I am biased against him, but he relies only upon the orders I have entered in this case. He complains that on April 30, 2019, I entered an order denying his motion to change venue for this action, and on June 10, 2019, I entered an order denying his motion for appointment of counsel to represent him.

Although Flynn does not identify the legal grounds for his motion, the Court will liberally construing the motion as filed under either 28 U.S.C. § 144, or 28 U.S.C. § 455. But for the reasons discussed, the referenced orders denying Flynn's motions are not grounds for recusal under either federal statute.

### A.     28 U.S.C. § 144

To the extent Flynn's motion can be construed as filed under 28 U.S.C. § 144, he has not established that my disqualification is warranted.

Section 144 of Title 28 of the United States Code provides, in relevant part, as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. [...   The party's affidavit] shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

The certificate of good faith required under Section 144 must be provided by a member of the bar, or the movant's counsel of record. *See Robinson v. Gregory*, 929 F. Supp. 334, 337-38 (S.D. Ind. 1996). Consequently, a pro se litigant who has not provided a certificate of good faith from a member of the bar may not employ the disqualification procedures set forth in 28 U.S.C. § 144. *Id. See also Jimena v. UBS AG Bank*, 2010 WL 2650714, *3 (E.D. Cal. 2010) and *United States v. Briggs*, 2007 WL 1364682, *1 (D. Idaho 2007).

Because Flynn's motion is not accompanied by a certificate of counsel, Section 144 does not provide a basis for my disqualification.

**B.    28 U.S.C. § 455**

To the extent Flynn's motion can be construed as seeking my

disqualification under 28 U.S.C. § 455, the motion must be denied.

Section 455 is a self-executing disqualification statute. It provides in

relevant part as follows:

> (a) Any justice, judge, or magistrate judge of the United States shall
> disqualify himself in any proceeding in which his impartiality might
> reasonably be questioned.

> (b) He shall also disqualify himself in the following circumstances:

> (1) Where he has a personal bias or prejudice concerning a party[.]

28 U.S.C. § 455(a) and (b).

"Section 455 imposes an affirmative duty upon judges to recuse

themselves." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1983).   Sections

455(a) and (b)(1) "are to be construed together when the ground for recusal is the

bias or partiality of the trial judge." *United States v. Winston*, 613 F.2d 221, 222

(9th Cir. 1980).

Section 455(a) requires disqualification for the appearance of partiality.

What matters under section 455(a) "is not the reality of bias or prejudice but its

appearance[,]" and the test for disqualification is an objective one. *Liteky v. United*

*States*, 510 U.S. 540, 548 (1994). Disqualification is warranted if "a reasonable

person with knowledge of all the facts would conclude that the judge's impartiality

might reasonably be questioned." *Blixseth v. Yellowstone Mountain Club, LLC*,

3

742 F.3d 1215, 1219 (9th Cir. 2014) (quotation and citation omitted). The "reasonable person" is not "hypersensitive or unduly suspicious," and "is not a 'partly informed man-in-the-street[.]'" *Blixseth*, 742 F.3d at 1219, and *United States v. Holland*, 519 F.3d 909, 913-14 (9th Cir. 2008). Rather, the reasonable person is a "well-informed, thoughtful observer[,]" and is "someone who 'understand[s] all the relevant facts' and has examined the record and the law." *Holland*, 519 F.3d at 913-14 (citation omitted).

The analysis under Section 455(a) is further subject to the "extrajudicial source" doctrine. *Liteky*, 510 U.S. at 554. The doctrine requires a consideration of the source of the specific information on which a judge has developed the type of bias or prejudice that renders a judge subject to recusal. The type of bias or prejudice necessary for a recusal is "a favorable or unfavorable disposition or opinion that is somehow wrongful or inappropriate, either because it is undeserved, or because it rests upon knowledge that the [judge] ought not to possess[.]" *Liteky*, 510 U.S. at 550. Thus, under the doctrine, a judge is not subject to recusal when the knowledge obtained, and resulting opinions formed from that knowledge, "were properly and necessarily acquired in the course of the proceedings," or in earlier proceedings. *Liteky*, 510 U.S. at 551. The doctrine requires that the basis for disqualification generally must be "something other than rulings, opinions formed[,] or statements made by the judge during the course of trial." *Holland*, 519 F.3d at 913-14.

Section 455(b)(1), in contrast to subsection (a), requires disqualification if a judge has a personal bias or prejudice for or against a party. *See Hasbrouck v. Texaco, Inc.*, 842 F.2d 1034, 1045 (9th Cir. 1987). Section 455(b)(1) "simply provides a specific example of a situation in which a judge's 'impartiality might reasonably be questioned' pursuant to section 455(a)." *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980) (citing *United States v. Olander*, 584 F.2d 876, 882 (9th Cir. 1978)). Subsection 455(b)(1), however, is similarly subject to the "extrajudicial source" doctrine. *Liteky*, 510 U.S. at 548-551.

Here, Flynn seeks my disqualification based solely on my orders issued in this action. But it is well-established that judicial rulings in proceedings do not, in and of themselves, "constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. Thus, Flynn has not shown that my impartiality can reasonably be questioned. Nor has he pointed to anything showing the "degree of favoritism or antagonism required" to warrant recusal under Section 455(a) where, as here, "no extrajudicial source is involved." *Litekey*, 510 U.S. at 555.

To recuse myself under the circumstances would be to encourage misuse of 28 U.S.C. § 455. In fact, I have an obligation not to recuse myself under these circumstances. See e.g. *In re Yellowstone Mountain Club, LLC*, 2011 WL 766979 *5 (Bkrtcy. D. Mont. 2011) (recognizing that a judge has a "corresponding obligation to not recuse and to serve on assigned cases when no reason to recuse exists").

Therefore, IT IS HEREBY ORDERED that Flynn's motion requesting recusal or disqualification under either 28 U.S.C. §§ 144 or 455 is DENIED.

DATED this 16th day of July, 2019.

_____
Jeremiah C. Lynch
United States Magistrate Judge