IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| KENNETH JAY FLYNN, | CV 19-00058-M-DLC |
| Plaintiff, | |
| vs. | ORDER |
| KIRSTEN PABST, et al., | |
| Defendants. | |

Plaintiff Kenneth Flynn has filed a Complaint and Amended Complaint under 42 U.S.C. § 1983 alleging constitutional violations with regard to his criminal prosecution in Missoula, Montana. (Docs. 1, 13.) Defendants have filed motions to dismiss (Docs. 47, 49, 52, 55, and 57) and Mr. Flynn has filed a motion to change venue and a motion requesting an explanation why Magistrate Judge DeSoto recused herself from this matter. (Docs. 76, 77). Defendants' Motions will be granted and this matter dismissed.[1]

## I. STATEMENT OF THE CASE

### A. Parties

Mr. Flynn is proceeding without counsel. In his original Complaint, Mr.

---

[1] In light of the dismissal of this case, Mr. Flynn's motion to change venue and motion for explanation will be denied as moot.

1

Flynn named the following Defendants: Missoula County Attorney Kirsten Pabst, Deputy County Attorney Selene Koepke, Judge Karen Townsend, Mark Fullerton Investigations, the Missoula Police Department and attorneys Hermon Chuck Watson, Colin Stephens, John Smith, Scott Albers, Watson Law, and Hermon Watson IV. In his Amended Complaint, Mr. Flynn also named Robert Thompson, an investigator with the Missoula Police Department and investigator Mark Fullerton. (Doc. 13 at 4-5.) Defendants Missoula Police Department and Robert Thompson have not been served.

## B. Allegations

Mr. Flynn alleges that on October 15, 2016, he was alerted to an assault attempt from his warehouse next door. He initially stopped the attempted illegal entry but the alleged assailants came through his front door and assaulted him. (Complaint, Doc. 1 at 7.) On October 31, 2016, Deputy County Attorney Selene Koepke filed an Information against Mr. Flynn arising from this incident charging him with two counts of assault with a weapon. (Doc. 53-1.) Mr. Flynn alleges there was video surveillance of the incident which proved his innocence but it was not used by the prosecutors, the judge, or his criminal defense attorneys. He contends this was done in violation of his constitutional rights. (Complaint, Doc. 1 at 7.) The charges against Mr. Flynn were dismissed on January 8, 2019. (Doc.

2

53-9.)

## II. MOTIONS TO DISMISS

### A. Standard

For purposes of this Order, the Court will only consider Defendants' Motions to Dismiss pursuant to Rule 12(b)(6). Dismissal under Fed. R. Civ. P. 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege sufficient facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Although the court must accept as true the plaintiff's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper 12(b)(6) motion to dismiss. *Vazquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic

3

recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted).

**B. Analysis**

### 1. Defendants Koepke and Pabst's Motion to Dismiss

Defendants Koepke and Pabst are prosecutors with the Missoula County Attorney's Office. Generally a prosecutor is absolutely immune when acting as an advocate for the state by engaging in conduct that is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *see also Van de Kamp v. Goldstein*, 555 U.S. 335 (2009). This means that "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protection of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). "This immunity covers the knowing use of false testimony at trial, the suppression of exculpatory evidence, and malicious prosecution." *Milstein v. Cooley*, 257 F.3d 1004, 1008 (9th Cir. 2001) (*citing Imbler*, 424 U.S. at 416); *see also Genzler v. Longanbach*, 410 F.3d 630, 637 (9th Cir. 2005) (noting that "prosecutor enjoys absolute immunity from a suit alleging that he maliciously initiated a prosecution, used perjured testimony at

4

trial, or suppressed material evidence at trial," among other things); *Reid v. New Hampshire*, 56 F.3d 332, 336 (1st Cir. 1995) (a prosecutor cannot be held personally liable for the knowing suppression of exculpatory information even if they fail to disclose exculpatory evidence specifically requested by the defense or mislead the trial court to conceal their failure to disclose exculpatory evidence)(*citing Robinson v. Volkswagenwerk AG*, 940 F.2d 1369, 1372-73 (10th Cir. 1991), *Jones v. Shankland*, 800 F.2d 77, 78–80 (6th Cir. 1986), and *Wilkinson v. Ellis*, 484 F.Supp. 1072, 1082 (E.D.Pa. 1980)); *Myers v. Morris*, 810 F.2d 1437, 1446 (8th Cir. 1987); *Hilliard v. Williams*, 540 F.2d 220, 221-22 (6th Cir. 1976)).

In contrast, absolute immunity does not extend to a prosecutor's "administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." *Id.* Thus, entitlement to absolute immunity for particular conduct turns on whether the prosecutor was "functioning as [an] 'advocate[ ]' " while engaging in that conduct. *Id.* at 274.

Mr. Flynn alleges Salene Koepke is responsible for sharing the video surveillance footage with the defense and she refused access to all attorneys for the defense. He claims Ms. Pabst was supposed to be responsible for her assistant prosecutor to enforce justice and share all evidence. (Complaint, Doc. 1 at 10.)

Mr. Flynn has only raised claims against Defendants Koepke and Pabst for actions "intimately associated with the judicial phase of the criminal process." As such, Defendants Koepke and Pabst are entitled to prosecutorial immunity for all actions alleged against them by Mr. Flynn. Their motion to dismiss will be granted.

### 2. Judge Townsend's Motion to Dismiss

Judges are absolutely immune from suit for judicial actions taken by them in the course of their official duties in connection with a case, unless the judge acts outside the judge's judicial capacity or in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). For purposes of judicial immunity, "[a] clear absence of all jurisdiction means a clear lack of subject matter jurisdiction." *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1389 (9th Cir. 1987) *cert. denied*, 486 U.S. 1040 (1988). The Supreme Court has held that as long as a judge has jurisdiction to perform the "general act" in question, he or she is immune "however erroneous the act may have been, . . . however injurious in its consequences it may have proved to the plaintiff" and irrespective of the judge's motivation. *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985).

Mr. Flynn alleges Judge Townsend was aware that the video evidence existed, that she closed a hearing in which Mr. Watson was trying to claim Mr.

6

Flynn was not competent, and ordered an evaluation without a competency hearing. (Complaint, Doc. 1 at 10.) Judge Townsend clearly had subject matter jurisdiction over the criminal proceedings brought against Mr. Flynn and to make determinations regarding discovery and competency issues. She is entitled to judicial immunity. Her motion to dismiss will be granted.

### 3. Defense Counsel and Investigators' Motions to Dismiss

Mr. Flynn has sued a number of attorneys who acted as his criminal defense attorneys including John Smith, Colin Stephens, Scott Albers, and members of the Watson Law firm. He also named a private investigator and his investigation firm apparently used by these attorneys to assist in Mr. Flynn's defense.

42 U.S.C. § 1983 provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Thus, to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) the deprivation of a federal constitutional or statutory right; and (2) "that the deprivation was committed by a person acting under the color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). Section 1983 does not reach "merely private conduct, no matter how

7

discriminatory or wrongful." *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). "The United States Constitution protects individual rights only from government action, not from private action." *Single Moms, Inc. v. Montana. Power Co.*, 331 F.3d 743, 746 (9th Cir. 2003) (emphasis in original) (citing cases).

The attorneys who represented Mr. Flynn and their investigators are not state actors for purposes of Section 1983. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (public defender who is performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding is not acting under color of state law); *Miranda v. Clark Cty. of Nev.*, 319 F.3d 465, 468 (9th Cir. 2003) (affirming dismissal because the public defender represented the plaintiff's interest during criminal trial, not the state's interests). Mr. Flynn thus fails to state a claim under § 1983 against these attorneys and their investigators for the actions they took in defending Mr. Flynn in his criminal proceedings. These Defendants' motions to dismiss will be granted.

### III. UNSERVED DEFENDANTS

On July 24, 2019, United States Magistrate Judge Lynch issued an Order setting an August 23, 2019 deadline for effecting service on Defendants. (Doc. 26.) Mr. Flynn was specifically advised that if he did not effect service by August

23, 2019, the case would be dismissed. Although Mr. Flynn served the majority of Defendants, his summons issued for Robert Thompson, an investigator with the Missoula Police Department was returned unexecuted. (Doc. 27.) In addition, there is no evidence in the record that the Missoula Police Department has been served. These Defendants will be dismissed pursuant to Rule 4 of the Federal Rules of Civil Procedure.

Accordingly, the Court issues the following:

## ORDER

1. Defendants Koepke and Pabst's Motion to Dismiss (Doc. 42) is GRANTED.

2. Defendant Mark Fullerton Investigations' Motion to Dismiss (Doc. 47) is GRANTED.

3. Defendant Townsend's Motion to Dismiss (Doc. 49) is GRANTED.

4. Defendants Smith and Stephens's Motion to Dismiss (Doc. 52) is GRANTED.

5. Defendants Hermon Watson IV, Hermon Chuck Watson, and Watson Law's Motion to Dismiss (Doc. 55) is GRANTED.

6. Defendant Albers's Motion to Dismiss (Doc. 57) is GRANTED.

7. Defendants Robert Thompson and the Missoula Police Department are

DISMISSED pursuant to Rule 4 of the Federal Rules of Civil Procedure for failure to serve.

8. Mr. Flynn's Motion to Change Venue (Doc. 76) is DENIED AS MOOT.

9. Mr. Flynn's Motion requesting an explanation why Magistrate Judge DeSoto recused herself from this matter (Doc. 77) is DENIED AS MOOT.

10. To the extent Mr. Flynn raised any state law claims in this matter, the Court declines to exercise supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(c)(3).

11. This matter is DISMISSED. The Clerk is directed to enter judgment in favor of Defendants and close the case.

DATED this 30th day of September, 2019.

Dana L. Christensen, Chief Judge
United States District Court