IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| KENNETH JAY FLYNN, | CV 19-00058-M-DLC |
| Plaintiff, | |
| vs. | ORDER |
| KIRSTEN PABST, et al., | |
| Defendants. | |

Plaintiff Kenneth Flynn filed a Complaint and Amended Complaint under 42 U.S.C. § 1983 alleging constitutional violations regarding his criminal prosecution in Missoula, Montana. (Docs. 1, 13.) Defendants filed motions to dismiss (Docs. 47, 49, 52, 55, and 57) which the Court granted on September 30, 2019 (Doc. 80) and judgment was entered (Doc. 81). On October 1, 2019, Mr. Flynn filed a document entitled "Reply to Motion to Dismiss and Consider Continuing Case." (Doc. 82.)

A party may request reconsideration of a final judgment (1) under Federal Rule of Civil Procedure Rule 59(e), by filing a motion to alter or amend the judgment, or (2) under Federal Rule of Civil Procedure 60(b), by filing a motion for relief from judgment. Mr. Flynn's motion was filed within 28 days of the entry of final judgment, therefore the Court will consider the motion under Rule 59(e).

1

*See American Ironworkers & Erectors, Inc. v. N. American Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001).

Reconsideration under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotation marks omitted). A losing party cannot use a Rule 59(e) motion to relitigate old matters or to raise arguments that could have been raised before the entry of judgment. *Sch. Dist. No. 1J, Multnomah Cnty. v. AC and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). The Ninth Circuit has set forth the following grounds justifying reconsideration under Rule 59(e):

> (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice: or (4) if the amendment is justified by an intervening change in controlling law.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

Mr. Flynn's motion is simply an attempt to relitigate old matters and arguments raised in his prior filings. He has not identified a manifest error law or fact, he is not presenting newly discovered evidence (the video evidence he refers to in his motion was filed on May 9, 2019 (Doc. 10) and is part of the record),

there is no manifest injustice, and there has not been an intervening change in controlling law.

Mr. Flynn does not challenge the Court's ruling that Defendants Pabst and Koepke have prosecutorial immunity, Judge Townsend is judicially immune, or that Defendants Fullerton, Stephens, Smith, Albers, and the Watson defendants are not state actors for purposes of 42 U.S.C. § 1983. Rather, he reasserts his numerous arguments that his rights were allegedly violated because video evidence was not used by the prosecutors, the judge, or his criminal defense attorneys. This case was dismissed because no proper Defendant has appeared in this action. There is no basis to overturn that ruling.

Based upon the foregoing, the Court issues the following:

## ORDER

Mr. Flynn's "Reply to Motion to Dismiss and Consider Continuing Case" (Doc. 82) as construed as a Rule 59(e) Motion to Alter or Amend a Judgment is DENIED.

DATED this 3rd day of October, 2019.

Dana L. Christensen, Chief Judge
United States District Court