IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| KENNETH JAY FLYNN, | CV 19-00058-M-DLC |
| Plaintiff, | |
| vs. | ORDER |
| KIRSTEN PABST, et al., | |
| Defendants. | |

Plaintiff Kenneth Flynn filed a Complaint and Amended Complaint under 42 U.S.C. § 1983 alleging constitutional violations regarding his criminal prosecution in Missoula, Montana.  (Docs. 1, 13.)  Defendants filed motions to dismiss (Docs. 47, 49, 52, 55, and 57) which the Court granted on September 30, 2019 (Doc. 80) and judgment was entered (Doc. 81).  On October 1, 2019, Mr. Flynn filed a document entitled "Reply to Motion to Dismiss and Consider Continuing Case" (Doc. 82) which the Court construed as a motion for reconsideration and denied it as such on October 3, 2019 (Doc. 85).  Mr. Flynn filed a Notice of Appeal with the Ninth Circuit (Doc. 83) but voluntarily dismissed the appeal on May 12, 2020. (Doc. 90.)

On June 29, 2020, Mr. Flynn filed a Motion to Vacate the Judgment under Rule 60(d)(3).  (Doc. 91.)  Although the motion was captioned for the Ninth

Circuit Court of Appeals, Mr. Flynn filed it in this Court.  He appears to argue that a fraud on the Court has occurred because a "secret omnibus hearing" does not appear in the record, that there was an early dismissal of this case without a hearing, and abusive discovery constituted a continued attack on the integrity of the judicial process which has allowed officers of this court to not be accountable for this alleged travesty of justice.  (Doc. 91 at 4-6.)

Federal Rule of Civil Procedure 60(b) provides the bases from which a party can seek relief from a final judgment of the Court.  The Rule permits the Court to relieve a party "from a final judgment, order, or proceeding" for any of the reasons enumerated under that section, including mistake, newly discovered evidence, fraud, that the judgment is void, and "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(1)-(6).  Federal Rule 60(d)(3) authorizes a court to "set aside a judgment for fraud on the court."

"Rule 60(b) creates a limited authority for trial courts to vacate or set aside their prior final judgments.  When properly invoked, it allows for further or different legal proceedings that otherwise would be barred."  S. Gensler, 2 Federal Rules of Civil Procedure, Rules and Commentary, Rule 60 at 250 (2020).  Rule 60(d), on the other hand, does not independently create grounds for relief, but recognizes that Rule 60 does not prohibit independent actions "to prevent a grave miscarriage of justice."  *Id.* at 276.

Here, the distinction is immaterial because relief is not warranted under either rule.  "Federal Rule of Civil Procedure 60(b) provides that a judgment may be set aside from fraud upon the court.  "Fraud" for purposes of Rule 60 is broadly interpreted and "includes both attempts to subvert the integrity of the court and fraud by an officer of the court," and "it must involve an unconscionable plan or scheme which is designed to improperly influence the court in its decision." *Pumphrey v. K.W. Thompson Tool Co.*, 62 F.3d 1128, 1131 (9th Cir. 1995)(internal quotation marks omitted).  "[T]he inquiry as to whether a judgment should be set aside for fraud upon the court under Rule 60(b) focuses not so much in terms of whether the alleged fraud prejudiced the opposing party but more in terms of whether the alleged fraud harms the integrity of the judicial process[.]" *Gumport v. China International Trust and Inv. Corp. (In re Intermagnetics America, Inc.)*, 926 F.2d 912, 917 (9th Cir. 1991).

Parties moving for relief under Rule 60(d)(3) must meet a "demanding" standard to show "fraud on the court" to "prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47 (1998)).  Pursuant to Rule 60(d)(3), there must also be proof of "an unconscionable plan or scheme which is designed to improperly influence the court in its decision." *United States v. Sierra Pac. Indus., Inc.*, 862 F.3d 1157, 1168 (9th Cir. 2017); *In re Intermagnetics America, Inc.*, 926 F.2d at 916 quoting 7 James Wm. Moore et al., Moore's Federal Practice

¶ 60.33, at 515 (2d ed. 1978) (recognizing that "fraud upon the court" encompasses "only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication.").

"Liberal application is not encouraged, as fraud on the court should be read narrowly, in the interest of preserving the finality of judgments." *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1104 (9th Cir. 2006) (quotation marks omitted).  Rule 60(d)(3) relief is "is available only where the fraud was not known at the time of settlement or entry of judgment." *Sierra Pac. Indus.*, 862 F.3d at 1168.  Mr. Flynn argues that he only discovered the fraud on the court doctrine days before he filed the current motion but discovery of a civil rule of procedure is not relevant.  The issue is whether the alleged fraud was known prior to judgment. Here it was.

Mr. Flynn does not meet the demanding standard of establishing fraud on the court.  He simply reargues old matters and arguments raised in his prior filings.  He continues to reiterate issues with the underlying criminal proceedings in Missoula County District Court but presented no evidence of a fraud on this Court which would affect the integrity of the Court's ruling that Defendants Pabst and Koepke have prosecutorial immunity, Judge Townsend is judicially immune, or that

4

Defendants Fullerton, Stephens, Smith, Albers, and the Watson defendants are not state actors for purposes of 42 U.S.C. § 1983. Rather, he reasserts his numerous arguments that his rights were allegedly violated because video evidence was not used by the prosecutors, the judge, or his criminal defense attorneys and that an omnibus hearing did not appear on the record. This case was dismissed because no proper Defendant has appeared in this action. There is no basis to overturn that ruling.

Based upon the foregoing, the Court issues the following:

## ORDER

1. Mr. Flynn's Motion to Vacate the Judgment Rule 60(d)(3) (Doc. 91) is DENIED.

2. Mr. Flynn's Motion to Transmit Surveillance Video (Doc. 96) is DENIED AS MOOT. The video was already submitted as part of the record. *See* Doc. 10.

3. No further motions for reconsideration will be considered in this matter.

DATED this 14th day of July, 2020.

Dana L. Christensen, District Judge
United States District Court